UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIANA DEANE SALYERS and
BRITTANY DEANE SALYERS,

CASE NO: 2:19-cv-590-FtM-39MRM

    Plaintiffs,

vs.

SCOTT P. GUTTENBERGER,

    Defendant.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS**

Plaintiffs BRIANA DEANE SALYERS and BRITTANY DEANE SALYERS ("Plaintiffs"), hereby respond to Defendant SCOTT P. GUTTENBERGER's ("Defendant") Motion to Quash Service of Process **[DE 58].** In support thereof, Plaintiffs state as follows:

**INTRODUCTION**

In this action, Plaintiffs, who are identical twins, have sued Defendant in an Amended Verified Complaint[1] setting forth nine counts related to Defendant's continuous efforts to disparage and defame Plaintiffs over the past five years. Specifically, Plaintiffs allege that since Defendant and Plaintiff Brittany Deane Salyers ("Brittany") broke up in 2015, Defendant has engaged in a campaign to relentlessly stalk, harass and defame Plaintiffs on a daily basis. Among other things, Defendant recorded Plaintiffs without their permission then posted altered versions of these recordings, along with thousands of negative and false statements about Plaintiffs, on various on-line mediums, including websites, Twitter, Facebook and YouTube.

---

[1]     The factual allegations in the Amended Verified Complaint were verified under penalty of perjury by both Plaintiffs and are relied upon herein.

1

Plaintiffs initially filed their original Verified Complaint and Demand for Jury Trial ("Complaint") **[DE 1]** on August 20, 2019. On February 3, 2020, a process server, H. Joseph Cabrejos, served the Summons and Complaint upon Defendant at his home address in Honolulu, Hawaii. A Proof of Service was filed on February 12, 2020 **[DE 20]** ("Proof of Service" or "POS"). After Plaintiffs received a Default **[DE 26]** against Defendant for his failure to timely respond to the Complaint, Defendant moved to set aside the default **[DE 28]**, and filed Defendant's Answer to Complaint & Motions to Dismiss Complaint for Insufficient Service of Process and for Lack of Personal Jurisdiction ("Motion to Dismiss") **[DE 30]**. Plaintiffs filed a Response in Opposition to Defendant's Motion to Dismiss **[DE 36]**.

Before the Motion to Dismiss was ruled upon by this Court, Plaintiffs filed an Amended Verified Complaint and Demand for Jury Trial **[DE 53]**. In response, on July 24, 2020, Defendant filed his Motion to Quash Service of Process **[DE 58]** (the "Motion"). The Motion relies upon an Affidavit of Scott Guttenberger **[DE 35]** ("Guttenberger Affidavit") which was previously filed in support of the earlier Motion to Dismiss **[DE 30]** which attempted to strike the same service attempt. Plaintiffs now timely file this Response and assert that the current Motion should be denied because Defendant cannot establish that service was improper.

**MEMORANDUM**

**I.   The Motion Should be Denied.**

In the Motion, Defendant once again argues service was invalid because Defendant was not home at the time of service and, even if he was, service was still improper. However, the Motion should be denied because Florida law provides that the drop service performed here is appropriate when a defendant is actively evading service, such as what Defendant did here. Secondly, Defendant's uncorroborated and self-serving statement in the Guttenberger Affidavit that he was

not home at the time of service does not constitute the "strong and convincing evidence" required to meet Defendant's burden.

### a. Legal Standard

Florida Statutes § 48.031 provides, in relevant part, that:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

§ 48.031(1)(a), Fla. Stat. A "process server's return of service is presumed to be valid and satisfies a plaintiff's initial prima facie burden . . . The burden then shifts to Defendant to refute by strong and convincing evidence that service was not properly effectuated." *Sportcrete Ltd. v. Sternberg*, 611CV175ORL18GJK, 2011 WL 13298767, at *4 (M.D. Fla. Oct. 6, 2011) (citations omitted).

### b. Service of Process was Properly Effectuated on Defendant.

#### i. Drop Service was proper because Defendant was actively evading service.

Here, the Proof of Service filed on February 12, 2020 **[DE 20]** establishes that the process server knocked on Defendant's apartment and Defendant responded but refused to open the door.[2] The process server attests that:

> I knocked on the door for Mr. Guttenberger's apartment and said: "Hey Scott, this is Joe." He responded by stating: "Joe who?" I explained I was a process server and that I had legal documents to serve on him. He refused to open the door and denied he was Mr. Guttenberger.

The response by the party inside Defendant's residence proves that he was, in fact, the Defendant. If he was not, the natural and normal response to the process server's statement of "Hey Scott, this is Joe" would be to say, "I'm not Scott." or "Scott's not here." However, the party responded by saying "Joe who?" thus indicating that he was, in fact, Scott (i.e., the Defendant). It wasn't until

---

[2] This method is sometimes referred to as "drop service." *See, e.g., Sportcrete Ltd.,* 2011 WL 13298767 at *4–5 (referring to the leaving of process on defendant's doorstep as "drop service").

after the process server explained who he was and that he was there to serve Defendant with legal documents that Defendant, inside the residence, denied being the Defendant. The process server then read the summons out loud and left the Process at Defendant's door. *See* POS.

Further, the Proof of Service contains a detailed description of the service attempt, on the second page of the POS. The description of the service attempt is attached to the POS, and specifically referenced on the first page ("See attached description for additional details of Service") which was signed under penalty of perjury. At the bottom left of the first page of the POS, it also states: "Please see attached Affidavit of Service", which references the second page of the POS and clearly indicates the intent of Mr. Cabrejos that the description of the service on the second page is considered as part of the sworn Proof of Service, under oath.

The description is therefore properly considered as part of the Proof of Service, signed under oath, and is no different than if it had been printed on the first page of the POS, or, in this case, attached because there was insufficient room to include it above the signature line of Mr. Cabrejos. The Proof of Service also confirms that the Process Server verified the address of the apartment as belonging to the Defendant and also confirmed the Defendant's identity using a photograph.

While Defendant alleges that service was improper even if he was home at the time of service, Florida law provides otherwise. Specifically, Courts have held it is proper to serve a defendant by leaving process on their door and informing them of the contents (i.e., drop service) when the defendant is actively evading service. For example, *Olin Corp. v. Haney*, 245 So. 2d 669 (Fla. 4th DCA 1971) and *Haney v. Olin Corp.*, 245 So. 2d 671 (Fla. 4th DCA 1971) involved a husband and wife who were evading service. Neither defendant would open the door when the sheriff knocked, rang the doorbell and identified himself so the sheriff left the process on their doorstep. *Id.* In both appeals, the Courts found service to be proper because the defendants were evading service. *Olin*, 245 So. 2d at 671 (finding that where a defendant is actively evading

4

service, the requirements of the service statutes "may be satisfied if the process server leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served.") (citations omitted). Similarly, in *Kennedy v. Grova*, 11-61354-CIV, 2012 WL 1368139, *3 (S.D. Fla. Apr. 19, 2012) the Court applied Florida law, denied a motion to quash service and held that

> Together, the affidavits on file show that Mr. Grova attempted to avoid service <u>by refusing to open his door</u>, and Mr. Torres notified Mr. Grova that he was being served and left the papers, both the Summons and Amended Complaint, on Mr. Grova's front door, a place where Mr. Grova could readily access them. Therefore, service was proper under Florida law.

*Id*. at *3 (string-citing cases)(emphasis added); *see also Sportcrete Ltd. v. Sternberg*, 611CV175ORL18GJK, 2011 WL 13298767, at *4–5 (M.D. Fla. Oct. 6, 2011)(finding drop service to be proper where the process server averred that defendant "knew the process server was attempting to serve him, but attempted to evade service by refusing to open his door") (string-citing Florida state and federal cases); *Palamara v. World Class Yachts, Inc*., 824 So. 2d 194, 194–95 (Fla. 4th DCA 2002).

Defendant argues that the case of *Cullimore v. Barnett Bank of Jacksonville*, 396 So. 2d 894 (Fla. 1st DCA 1980) is analogous and supportive of his argument. Defendant's reliance on *Cullimore* is misplaced. In *Cullimore*, the deputy sheriff who attempted service arrived at the home, heard noises inside the home which ceased when she knocked, and never spoke with anyone inside the abode. As such, the court found that there was "no evidence that she knew the noises were made by a person…" *Id*. at 895. Thus, there was no identification of the defendant and nothing to indicate that the defendant was inside the home but evading service. However, in this matter, the process server, Mr. Cabrejos, did speak with the Defendant, and in fact conversed with him about the fact that he was a process server and was there to serve legal documents. Only after

learning that Mr. Cabrejos was a process server did the Defendant attempt to evade service by claiming to be someone else (not saying who) and refusing to open the door.

The Proof of Service provides evidence that Defendant was actively evading service – refusing to open the door to the process server as soon as the Defendant learned it was a process server at the door. The Proof of Service also demonstrates that the process server was able to confirm the Defendant's identity and the facts of the service attempt demonstrate that the Defendant was the person speaking with the process server, not someone else. As such, and due to the evasion of service by the Defendant, drop service was proper and the process server's sworn allegations are sufficient to meet Plaintiff's initial burden, thus the burden shifts to the Defendant. *See Sportcrete,* 2011 WL 13298767, at *4 (finding process server's affidavit to be "sufficient to meet Plaintiff's initial burden of showing service was proper" where the affidavit established that process server drop served defendant who was inside the residence but refused to open the door).

### ii. **Defendant's Affidavit is insufficient to Overcome the Presumption that Service was Valid and to Meet Defendant's burden.**

Although Defendant claims in the Guttenberger Affidavit that he was not home on the day of service, this assertion fails to establish that service was improper. To meet his burden, Defendant "must present 'strong and convincing evidence' to rebut the presumption that service was proper." *Sportcrete*, 2011 WL 13298767, at *4 (quoting *Bodyup Fitness, LLC v. 2080039 Ontario, Inc.*, 2008 WL 516996 at *3 (S.D. Fla. Feb. 23, 2008)). This statement in the Guttenberger Affidavit is not "strong and convincing evidence" and is therefore insufficient to meet Defendant's burden because it is not supported by any documents or corroborating testimony or evidence. Defendant could easily have submitted copies of his passport, or his alleged flight confirmation, verifying his alleged "trip out of the country." Defendant could also have submitted an affidavit of his "friend, Althea Duffy" whose house Defendant claims to have been at on the

6

day of service. Defendant also mysteriously states that an unidentified "my friend" (it is unclear if it is the same friend, Althea Duffy or not, but probably was not because the Process Server certainly should have been able to tell the difference if Ms. Duffy had been the person speaking to him at the door) was at the house on February 3rd, the day when service was effectuated. Defendant fails to identify this "friend" or provide any supporting or corroborating support, such as an affidavit from the unidentified "friend" or a copy of the videotape that the unidentified "friend" allegedly made. In fact, Defendant failed to submit any evidence to corroborate his statement that he was not home on the day of service. *See id.* (finding defendant's affidavit that conflicted with the process server's affidavit was insufficient to meet defendant's burden because the process server's affidavit was more credible and defendant failed to provide any corroborating affidavits.). Moreover, Defendant's self-serving statement alone does not constitute "strong and convincing evidence," sufficient to overcome the conflicting, and more credible, testimony of the uninterested process server. *Id.*

In fact, given that the Motion is Defendant's second attempt to quash the service attempt, and that Plaintiffs' prior Response **[DE 36]** previously pointed out the lack of corroborating evidence to support Defendant's claims, the Defendant was well aware of the need to obtain and submit corroborating evidence or affidavits to support this self-serving claim that he was not at home, which he once again alleges in the current Motion. His failure to do so, even after the Plaintiffs pointed out the deficiencies of his Affidavit, is glaring. For these reasons, service was properly effectuated on Defendant by drop service, thus the Motion must be denied.

### iii. Service was also made under Fed. R. Civ. P. 5(b)(2)(C)

Although it is clear that the "drop service" made on February 3, 2020 was correct, appropriate, and effectuated service upon the Defendant, the Process Server, in an apparent "belt and suspenders" approach, also effectuated service by mailing a copy of the Summons and

Complaint to Defendant's address, in accordance with Federal Rule of Civil Procedure 5(b)(2)(C), which specifies that service is complete upon mailing.  As such, service was also effectuated utilizing this method.

Defendant does not challenge the service of the Summons and Complaint by mail service; his only challenge in his Motion is based upon the "drop service" which was performed as well. Indeed, in his Affidavit, Defendant admits that the received the Summons and Complaint that were sent by mail: "… I did receive a copy of the Complaint by mail…"  *See* Paragraph 4 of the Affidavit **[DE 35]**.  Furthermore, the Defendant acknowledges in his Affidavit that he has been monitoring this case and reading the court filings, and that he emailed his attorney that there were "…filings in the case which he should review…"  *Id*. at Paragraph 7.

Given the lack of challenge to the mail service, Defendant's Motion should be denied on this ground as well, and this case should proceed forthwith.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Quash Service of Process must be denied.

Dated:  August 6, 2020	Respectfully submitted,

By: *s/ Romin N. Currier*
Romin N. Currier
Florida Bar No. 566985
E-Mail:   rcurrier@pincusandcurrier.com
Pincus & Currier LLP
1555 Palm Beach Lakes Blvd., Suite 320
West Palm Beach, FL  33401
Telephone:    (561) 868-1340
Facsimile:    (561) 366-1310
Counsel for Plaintiffs

8

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Romin N. Currier
Florida Bar No.: 566985

**SERVICE LIST**

Alan D. Sackrin, Esq.
Sackrin & Tolchinsky, P.A.
*Attorneys for Defendant*
2100 East Hallandale Beach Blvd., Suite 200
Hallandale Beach, FL 33009
alan@hallandalelaw.com
pleadings@hallandalelaw.com

All counsel of record have been served with this document via Notice of Electronic Filing generated by the CM/ECF.