UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIANA DEANE SALYERS and
BRITTANY DEANE SALYERS,

    Plaintiffs,

v.                                                 Case No.:  2:19-cv-590-SPC-MRM

SCOTT P GUTTENBERGER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte* upon review of the docket. On May 4, 2021, the Court entered an Order requiring Plaintiffs to show good cause as to why this action should not be dismissed for failure to prosecute based on the lack of proof of service of process upon Defendant. (Doc. 74). The Court ordered Plaintiffs to respond to the Order and to file proof of service of the Complaint and summons no later than May 18, 2021. (*Id.*). Plaintiffs failed to comply with the Court's Order. Upon review of the docket and for the reasons herein, the Undersigned recommends that the Amended Verified Complaint and Demand for Jury Trial ("Amended Complaint") (Doc. 53) be **DISMISSED without prejudice**.

**I.**    **Background**

A brief procedural history of this case is instructive. On August 20, 2019, Plaintiffs filed a nine-count Verified Complaint and Demand for Jury Trial. (Doc. 1). The summons was issued as to Defendant on August 21, 2019. (Doc. 3). On

November 18, 2019, Plaintiffs filed Plaintiffs' Motion for Enlargement of Time to Effectuate Service Upon Defendant, asserting that they "diligently attempted" to serve Defendant but were unable to do so and noting that they had reason to believe that Defendant was evading service. (Doc. 9 at 1).  The Court granted Plaintiffs' motion, requiring Plaintiffs to effectuate proper service on Defendant no later than February 19, 2020, but warned Plaintiffs that the Court was not inclined to extend this deadline.  (Doc. 10).

On February 12, 2020, Plaintiffs filed Proof of Service upon Defendant.  (Doc. 20).  On April 15, 2020, the Court granted Plaintiffs' Motion for Entry of Clerk's Default Against Defendant in light of Defendant's failure to appear or otherwise defend against the litigation.  (Docs. 23, 26).  On the same day, the Clerk of Court entered default against Defendant.  (Doc. 27).  On April 27, 2020, however, Defendant moved to set aside the clerk's default, (Doc. 29), and the Court granted the motion on April 27, 2020, (Doc. 33).

On July 24, 2020, Defendant filed Defendant's Motion to Quash Service of Process, (Doc. 58), and the Court granted the motion on October 2, 2020, (Doc. 60). Specifically, the Court found that Plaintiffs failed to show that service of process was made in compliance with state and federal statute.  (*See id.* at 7).  The Court ordered Plaintiffs to "either serve Defendant Guttenberger with the operative complaint under the applicable law or, if applicable, renew their Motion with information sufficiently demonstrating that Defendant" was properly served within 30 days.  (*Id.* at 8).

On October 26, 2020, Plaintiffs again filed Plaintiffs' Motion for Enlargement of Time to Serve Defendant, alleging they had reason to believe Defendant was evading service. (Doc. 64 at 4). The Court granted Plaintiffs' motion and ordered Plaintiffs to serve Defendant no later than February 2, 2021. (Doc. 65).

On February 1, 2021, Plaintiffs filed Plaintiffs' Second Motion for Enlargement of Time to Serve Defendant, reasserting their belief that Defendant was evading service. (Doc. 66 at 5-6). The Court granted an extension to serve Defendant through May 3, 2021. (Doc. 67).

Because Plaintiffs failed to provide any proof of service of process upon Defendant by May 3, 2021, the Court ordered Plaintiffs to show good cause as to why this action should not be dismissed for failure to prosecute no later than May 18, 2021. (Doc. 74 at 1). Additionally, the Court ordered that Plaintiffs file proof of service of the Complaint and summons by May 18, 2021. (*Id.*). The Court warned that "[f]ailure to respond to this Order may result in the Undersigned recommending to the presiding United States District Judge that the action be dismissed." (*Id.* at 2 (emphasis omitted)). Plaintiffs failed to comply with or respond to the Order.

## II. Legal Standard

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of

3

Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit continued that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357). Nevertheless, if the Court dismisses the action without prejudice, the standard is less stringent "because the plaintiff would be able to file [the] suit again." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (alteration in original) (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976)).

Additionally, Local Rule 3.10 states that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."

---

the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### III. Analysis

While dismissal for failure to prosecute is a harsh sanction, the Undersigned can only conclude that Plaintiffs' failure here to comply timely with the Court's Orders and to heed the Court's instructions is willful. *See McKelvey*, 789 F.2d at 1520. Specifically, the Court granted Plaintiffs an extension of time to serve Defendant through May 3, 2021. (Doc. 67). Plaintiffs, however, failed to provide any evidence of any attempt to comply with the Court's Order. Accordingly, the Court ordered Plaintiffs to show good cause as to why this action should not be dismissed for failure to prosecute based on the lack of proof of service of process upon Defendant and to provide proof of service of the Complaint and summons no later than May 18, 2021. (Doc. 74 at 1). Plaintiffs failed to comply with or otherwise respond to that Order. Plaintiffs have also failed to demonstrate due diligence and just cause for their delay as required by Local Rule 3.10. Because the Undersigned cannot find Plaintiffs' failure to comply with the Court's Orders – especially in light of the Court's express warning that "[f]ailure to respond to [the show cause] Order may result in the Undersigned recommending to the presiding United States District Judge that the action be dismissed" (Doc. 74 at 2) – is anything but willful, dismissal with prejudice is warranted. In light of Plaintiffs' continued assertions that Defendant was evading service, however, the Undersigned finds that justice would best be served by the less drastic sanction of dismissing the case without prejudice.

5

Notably, a dismissal without prejudice amounts to a dismissal with prejudice if the statute of limitation bars the plaintiff from refiling the complaint. *See Perry v. Zinn Petroleum Cos., LLC*, 495 F. App'x 981, 984 (11th Cir. 2012) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir.1976)). Based on the facts alleged in the Amended Complaint, (Doc. 53), the Undersigned notes that the statute of limitations may have lapsed as to some of Plaintiffs' claims. *See MYD Marine Distribs., Inc. v. Donovan Marine, Inc.*, No. 07-61624-CIV, 2009 WL 701003, at *2 (S.D. Fla. Mar. 16, 2009) (noting that Florida's statute of limitations for defamation and for tortious interference with business relations premised on a defamatory remark is two years). Notwithstanding the risk that certain claims may be barred by the statute of limitations, the Undersigned finds dismissal appropriate in light of the above finding that Plaintiffs' failure to comply with the Court's Orders was willful. Nevertheless, the Undersigned recommends the less drastic sanction of dismissing the Amended Complaint without prejudice, allowing Plaintiffs to refile the action as to any claim not barred by the statute of limitations.

Alternatively, if – in light of the risk that some claims may be barred by the statute of limitations – the presiding United States District Judge finds that justice would best be served by giving Plaintiffs a final opportunity to comply with Court Orders and to serve Defendant before dismissing the action, the Undersigned recommends that the District Judge recommit this matter to the Undersigned for issuance of a further show cause order and further proceedings, as needed.

## CONCLUSION

For the reasons set forth above, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiffs' Amended Verified Complaint and Demand for Jury Trial (Doc. 53) be **DISMISSED without prejudice** for failure to comply with the Court's Orders and failure to prosecute.

**RESPECTFULLY RECOMMENDED** in Ft. Myers, Florida on June 3, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection. The parties are warned that the Court will not extend these deadlines. To expedite

resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties